91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Marwan AFANEH, Defendant-Appellee.
 No. 95-3321.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 93.00175; David D. Dowd, Jr., Judge.
 N.D.Ohio [Appeal after remand from 28 F.3d 1214].
 REVERSED.
 Before: NELSON and SILER, Circuit Judges, and WISEMAN, District Judge.*
 * PER CURIAM.
 
 
 1
 The United States appeals a judgment of acquittal entered by the District Court for the Northern District of Ohio following a jury verdict of guilty against Defendant-Appellee Marwan Afaneh. We REVERSE.
 
 
 2
 In February 1993, state and federal investigators raided 25 stores in Cleveland, Ohio, as part of a food-stamp fraud investigation. One of those locations was Dave's Drive-In, owned by Intesar Afaneh and managed by her brother, Marwan. Marwan Afaneh was on the job when the officers arrived. Following orders to arrest all employees of the market, a Cleveland police officer immediately arrested and handcuffed Afaneh.
 
 
 3
 Officers then asked Afaneh about weapons on the premises. With Afaneh's assistance, officers recovered two unregistered .38 caliber handguns. They found one gun stowed under the store's cash register within three feet of where Afaneh was standing when the officers arrived. The other was hidden under a heating duct near the desk and safe in Afaneh's office. Both guns were loaded. A storewide search pursuant to warrant found twelve rounds of .38 caliber ammunition in Afaneh's desk, as well as ammunition for other types of handguns, but no other weapons. Afaneh denied owning the guns, though he said "he" or "they," referring to his sister and himself, might have given the prior store owner money for the guns. Investigators subsequently found no fingerprints on the weapons.
 
 
 4
 No food-stamp fraud charges were filed against Afaneh,[1] but in June 1993, a grand jury in the Northern District of Ohio indicted Afaneh on two counts of violating 18 U.S.C. § 922(g) in connection with the handguns recovered in the February 1993 search. When Afaneh was arrested on these charges pursuant to a bench warrant, he told the arresting officer, "I don't care, you know, I can do the time. I can go back to prison."
 
 
 5
 During trial, Afaneh stipulated that he was a convicted felon and that the guns had traveled in interstate commerce, the jurisdictional predicates of 18 U.S.C. § 922(g). The only issue remaining at trial was whether Afaneh actually or constructively possessed the guns. The jury convicted Afaneh Jan. 19, 1995, on both counts. Despite having rejected Afaneh's motions for judgment of acquittal both following the government's case and at the close of all proof, Judge David Dowd, Jr., granted Afaneh's post-trial motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c).
 
 II
 
 6
 Fed.R.Crim.P. 29(c) permits a trial court to set aside a jury verdict and enter a judgment of acquittal when "after viewing the evidence in the light most favorable to the prosecution," the trial court finds that no rational trier of fact "could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In reviewing a District Court's order of acquittal, we apply the same standard to the record before us, assuming "the truth of the evidence offered by the prosecution." United States v. Connery, 867 F.2d 929, 930 (6th Cir.1989) (quoting United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir.1985)).
 
 
 7
 The only question before us on appeal is whether any rational trier of fact could have found that Afaneh actually or constructively possessed the firearms recovered from Dave's Drive-In. As there is no evidence of Afaneh actually possessing the weapons, we must examine the proof in light of our holdings regarding constructive possession.
 
 
 8
 Our test for constructive possession in § 922(g) cases has been straightforward. "Constructive possession requires that a person knowingly have power and intention to exercise control over an object." United States v. Critton, 43 F.3d 1089, 1096 (6th Cir.1995) (citing United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973)). Unlike the facts of United States v. Beverly, 750 F.2d 34, 37 (6th Cir.1984), when we reversed a constructive possession conviction, there is no dispute as to Afaneh's power as store manager to control the weapons. Given that, the sole issue is whether he possessed the requisite intent to control them. As the District Court held, "Whether one merely has the power to engage in criminal endeavors versus whether one intends to exercise that power to engage in criminality would appear to be the better demarcation between innocence and guilt." United States v. Afaneh, mem. op. at 9 (N.D.Ohio March 1, 1995). We believe the District Court captured the essence of the legal proposition; we take exception under Jackson to its application of the standard to the evidence presented at trial.
 
 
 9
 We note initially that the intent with which we are concerned is merely the intent to possess weapons that have traveled in or have affected interstate commerce. While that is normally permissible, for a convicted felon such as Afaneh, it is criminal. The District Court found Afaneh lacked this possessory intent.
 
 
 10
 Though intent is a subjective issue, it may be inferred from objective evidence. Craven, 478 F.2d at 1333; Critton, 43 F.3d at 1096 (finding defendant with control over vehicle and its contents constructively possessed bag under her seat containing drugs). Considering the evidence in the light most favorable to the government, we find a rational trier of fact could have concluded Afaneh intended to possess the guns from the following facts:
 
 
 11
 1. The location of the firearms. Police recovered one handgun from a hidden location in Afaneh's own office and another from directly under the register where Afaneh was working the day of his initial arrest.
 
 
 12
 2. Ammunition in Afaneh's desk matching the firearms.
 
 
 13
 3. Afaneh's statement to an FBI agent following his arrest that he "maintained" a weapon on the premises.
 
 
 14
 4. Afaneh's statements that "he" or "they" may have purchased the handguns by paying a premium to the store's previous owner.
 
 
 15
 5. Afaneh's position as manager of the premises. "It follows that constructive possession also exists when the person has dominion over the premises where the firearm is located." United States v. Clemis, 11 F.3d 597, 601 (6th Cir.1993).
 
 
 16
 From this evidence, a rational factfinder may conclude, by drawing all inferences in the government's favor, that Afaneh not only had the power to control the handguns, he intended to, as well.
 
 
 17
 Afaneh's arguments--that other employees had access to the guns, that he did not carry them on his person when he left the store to make bank deposits, that he did not mean to say he "possessed" the weapons when he affirmatively responded that he "maintained" them, that he assisted officers in recovering them--require a factfinder to draw inferences in his favor. The jury had the opportunity to do this at trial, but, obviously, drew the opposite permissible inferences.
 
 
 18
 Therefore, we REVERSE the District Court's judgment of acquittal, REINSTATE the jury's verdict, and REMAND this matter to the District Court for sentencing and any other appropriate proceedings.
 
 
 
 *
 District Judge Thomas A. Wiseman, Jr., Middle District of Tennessee, sitting by designation
 
 
 [1]
 In United States v. Afaneh, 28 F.3d 1214, text at 1994 WL 362092 (6th Cir.1994), this Court held Afaneh's February 1993 arrest unlawful for lack of probable cause